UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RACHEL SWINK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV01942 ERW |
| ) | |
| AT&T, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on AT&T's Motion for a Protective Order [doc. #8]. Rachel Swink ("Plaintiff") filed the pending employment discrimination suit against AT&T ("Defendant")[1], alleging violations of Americans with Disabilities Act of 1990 and the Employee Retirement Income Security Act of 1974. Defendant seeks to protect information provided through discovery from public dissemination, and asks the Court to issue a protective order.

**I. DISCUSSION**

A district court may issue a protective order pursuant to Fed. R. Civ. P. 26(c), and protective orders are an appropriate means for the protection of confidential information. *See Estate of Trentadue ex rel Aguilar v. United States*, 397 F.3d 840, 865 (10th Cir. 2005). Good cause for a protective order must be shown because the Court must balance privacy interests against the principle that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat. Bank v. Cincinnati Ins.*

---

[1] Although Plaintiff named AT&T as Defendant in this action, Southwestern Bell Telephone Company has responded to Plaintiff's Complaint and states that it, and not AT&T, is the former employer of Plaintiff.

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see also, Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003).

Defendant has submitted a proposed protective order to the Court. The Court finds that the methodology established in the protective order proposed by Defendant is appropriate. However, the proposed order allows either party to designate "any information or document" confidential. Given the public interest in judicial proceedings, the Court declines to give either party "a virtual carte blanche" to designate any item they wish as confidential. *Citizens First Nat. Bank*, 178 F.3d at 944 (7th Cir. 1999). Accordingly, the Court will limit the scope of the proposed protective order to protect the information in the personnel files and Defendant's employment policies. If, in the future, either party seeks to discover information believed to be confidential that is not encompassed by this order, a motion may be filed for either the expansion of this order or the promulgation of a new protective order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for a Protective Order [doc. #8] is **GRANTED, in part, and DENIED, in part.**

Dated this 11th Day of April, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com