UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RACHEL SWINK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV01942 ERW |
| ) | |
| SOUTHWESTERN BELL TELEPHONE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on Southwestern Bell Telephone Company's Motion for Summary Judgment [doc. #29] and Rachel Swink's Cross Motion for Summary Judgment [doc. #35]. In her Amended Complaint, Plaintiff states that she is bringing this action under the Americans with Disabilities Act ("ADA") and the Employee Retirement Income Security Act ("ERISA")

**I.     BACKGROUND FACTS**[1]

Rachel Swink ("Plaintiff") begain working for Southwestern Bell Telephone Company ("Defendant") on November 23, 1981. Plaintiff participated in the Southwestern Bell Corporation's Sickness and Accident Disability Benefit Plan ("SADBP"). This plan provided participants with short-term disability benefit payments if they became disabled by accident or sickness. The SADBP states that "[a]bsence following the expiration of a period of disability benefits shall be considered as a break in the continuity of service." Accordingly, if an employee

---

[1] The Court's recitation of the facts is taken from Southwestern Bell Telephone Company's Statement of Uncontroverted Material Facts [doc. #31]. Plaintiff has submitted a "Statement of Uncontroverted Facts" to the Court, however, these statements are not supported by the Record, and will not be considered by the Court.

does not return to work after the short-term disability benefit period ends, that employee becomes a former employee.

Additionally, Plaintiff participated in the Southwestern Bell Corporation's Long Term Disability Plan for Non-Salaried Employees ("the LTD Plan"). This plan provided eligible participants with long-term disability benefits. The LTD Plan states that "[a]n individual covered under the Plan after the expiration of sickness disability benefits under the SADBP is considered a former Employee and as such has no guarantee of reemployment if no longer disabled." Pursuant to the LTD Plan, after an individual's benefits under the SADBP expire, that individual is considered a former employee.

On April 9, 1990, Plaintiff began receiving short-term disability benefits pursuant to the SADBP. When her short-term disability benefits expired on April 8, 1991, she began receiving benefits under the LTD Plan.[2] Plaintiff continues to receive long-term disability benefits under the LTD Plan, and has been absent from the Southwestern Bell Telephone Company since April 8, 1991. Pursuant to the terms of the SADBP and LTD Plan, Plaintiff became a former employee effective April 8, 1991.

Defendant has provided, and currently provides, telephone concession to its non-management employees, whereby telephone service is provided at less than standard rates. Defendant's telephone concession policies were governed by Joint Practice Number 72 from December 1984 through September 1991, and is currently governed by the SBC@home Program.

---

[2] Plaintiff did not actually receive long term disability benefits until April 1992. This is because Connecticut General Life Insurance Company, the third party administrator for the LTD Plan, did not determine that Plaintiff was eligible for benefits under the LTD Plan until April 1992. Once that determination was made, Plaintiff was awarded benefits retroactive to April 8, 1991.

Joint Practice Number 72 provided telephone concession to active employees and retired employees. It stated that when an "employee leaves the service [except in the case of retirement] . . . the management employees under whose supervision the payroll change is prepared <u>shall</u> . . . discontinue the discount on the employee's service as of the effective date of the employee's separation from service."

Defendant has submitted an affidavit detailing a phone call between Plaintiff and Doug Geyer, a LTD Plan Case Manager. He states that in a phone call on February 11, 2003, he informed Plaintiff that individuals on long-term disability are no longer employees, and has submitted the notes from this conversation. Additionally, Defendant has submitted evidence that all of their ERISA plans require exhaustion of administrative remedies before an individual may seek relief in court.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 11, 2007.[3] She states that she became aware on May 23, 2007 that Defendant had identified her as ineligible for telephone concession, and wrongfully ended her coverage for dental, vision, health and life insurance, and her 401k plan. She states that she is still an employee, and that the discontinuation these benefits constituted discrimination under the Americans with Disabilities Act ("ADA"). The EEOC issued a Dismissal and Notice of Rights on August 24, 2007. The EEOC indicated that it was closing the Charge of Discrimination because it was not timely filed.

---

[3] Plaintiff states that her Charge of Discrimination was filed on July 18, 2007, and Defendant states that it was filed on August 15, 2007. The Court cannot find a filing stamp on this document, and for the purposes of this Memorandum and Order, will use the date of August 11, 2007, the date that Plaintiff signed her Charge of Discrimination and the document was notarized.

Plaintiff has submitted a "Statement of Uncontroverted Facts" to the Court, however, these statements are not supported by the Record. Specifically, she asserts that the Social Security Administration concluded that she was entitled to injunctive relief from her termination and reinstated her to Defendant's payroll receiving disability income. Plaintiff states that because she is on Defendant's payroll, she is an Employee under the terms of the SADBP. As support for her argument that she is an employee, she states that her disability checks reference an employee identification number. The Court has reviewed Plaintiff's supporting documentation and finds that these documents do not provide support for Plaintiff's argument that she is an employee of Defendant. The employee identification number Plaintiff references is actually a number assigned to Plaintiff by Sedgwick Claims Management Services for the purpose of issuing her disability payments. While it is unclear what Social Security Administration document Plaintiff is referencing, it appears to be either a letter from Connecticut General Life Insurance Company[4] ("CIGNA") advising her that her claim for long-term disability benefits has been approved, or a letter from the Social Security Administration approving her eligibility for disability benefits. Neither letter in any way indicates that she has been reinstated as an employee of Defendant, and they do not state that her receipt of benefits makes her an employee.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Supreme

---

[4] Connecticut General Life Insurance Company is the third party administrator for the LTD Plan.

4

Court has noted that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327 (quoting Fed. R. Civ. P. 1). "By its very terms, [Rule 56(c)(1)] provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 256-57. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence

5

favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 334. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.*

### III. DISCUSSION: ADA CLAIM

The evidence presented by Defendant clearly demonstrates that Plaintiff is not currently an employee of Defendant, and that she has not been an employee since 1991. The ADA did not become effective until July 26, 1992, and as a result, it was not in effect when Plaintiff was terminated. *See* Pub. L. No. 101-336 § 108, 104 Stat. 327, 337 (1990). The ADA is not retroactive. *Smith v. United Parcel Service of America, Inc.*, 65 F.3d 266, 266 (2d Cir. 1995). As a result, Plaintiff's ADA claim is time barred.

Plaintiff asserts that this should not matter because she did not know that she had been terminated until 2007. It is unfathomable that Plaintiff would think that she could fail to return to her job for seventeen years, and still assume that she would have a position. *See Mesner v. Providence Hospital*, 1996 WL 615917 at *4 (E.D. Mich. 1996). However, even assuming that Plaintiff did not learn of her termination in 1991, her claim under the ADA still fails because Plaintiff was informed of her termination in 2003. Defendant submitted an affidavit that describes a phone call between Plaintiff and Doug Geyer, a LTD Plan Case Manager. He states that in a

6

phone call on February 11, 2003, he informed Plaintiff that individuals on long-term disability are no longer employees, and has submitted the notes from this conversation. As a result, Plaintiff at least had notice in 2003 of her termination and loss of benefits. Accordingly, Plaintiff would have needed to file a Charge of Discrimination within 180 days of this conversation. She did not file a Charge of Discrimination until 2007, well over 180 days after she learned of the alleged discriminatory act. *Jackson v. Homechoice, Inc.*, 368 F.3d 997, 998 (8th Cir. 2004). As a result, Plaintiff's claim under the ADA fails because the ADA cannot be retroactively applied to her claim, and because her claim is barred by the statute of limitations.

## IV. DISCUSSION: ERISA CLAIM

Plaintiff has brought this action against Southwestern Bell Telephone Company. ERISA requires that plaintiffs bring their actions against plan administrators or the plan itself. *See Hall v. Lhaco, Inc.*, 140 F.3d 1190 (8th Cir. 1998); *Lundy v. Hilder*, 2006 WL 4128355 (W.D. Mo. Jan. 24, 2006). Plaintiff has not brought this action against the proper party, and it must be dismissed. However, even assuming that Plaintiff had named a plan or plan fiduciaries as the defendant in this action, her claim would still fail. Defendant has introduced evidence that all of their ERISA plans require administrative exhaustion. Where a plan requires administrative exhaustion, plaintiffs are barred from seeking relief in the courts until that requirement is satisfied. *See Back v. Danka Corp.*, 335 F.3d 790, 792 (8th Cir. 2003). Plaintiff has not introduced evidence that she has exhausted her administrative remedies. As a result, Plaintiff's ERISA claim must be dismissed because she has not brought this action against the proper Defendant and because she has failed to exhaust her administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that Southwestern Bell Telephone Company's Motion for Summary Judgment [doc. #29] is **GRANTED.** Plaintiff's claims under the ADA are **DISMISSED, with prejudice.** Plaintiff's claims under ERISA are **DISMISSED, without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Cross Motion for Summary Judgment [doc. #35] is **DENIED, as moot.**

Dated this 18th Day of November, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE